IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 00-CV-2555-JLK

**PAMELA CLIFTON**,

      Plaintiff

v.

**NURSE ILONA EUBANK, in her individual capacity;**
**OFFICER DAWN ANAYA, in her individual capacity; and**
**OFFICER IRA WILKS, in his individual capacity,**

      Defendants.
_____

ORDER
_____

KANE, J.

      This prisoner civil rights action is before me on Defendants' Motion for Certification (Doc. #72) and Motion for Reconsideration (Doc. #71), both filed March 21, 2006. The Motions relate to my March 8 Memorandum Opinion and Order rejecting Defendants' assertion that the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e *et seq.*, bars Plaintiff's lawsuit because her prolonged labor and the resulting stillbirth of her otherwise viable fetus as a result of Defendants' alleged Eighth Amendment violations did not constitute a "physical injury" for purposes of the PLRA.

      I deny the Motion for Certification and grant the Motion for Reconsideration in part. Specifically, and because my opinion was limited to the PLRA issue and did not specifically address the individual Defendants' qualified immunity defenses, I grant the Motion for

Reconsideration for purposes of clarifying that. I also order the parties to confer regarding a limited supplemental briefing schedule on the issues of qualified immunity and viability, under a Fed. R. Civ. P. 56(c) standard, of Plaintiff's common law claims. This additional briefing need not encompass Defendants' arguments regarding Plaintiff's averred failure to provide sufficient evidence under a 56(c) standard to support a claim for punitive damages. The record, quite clearly, is sufficient to submit a request for punitive damages to a jury if Plaintiff's liability claims otherwise survive summary judgment.

Based on the foregoing

1. Defendants' Motion for Certification is DENIED;

2. Defendants' Motion for Reconsideration is GRANTED for purposes of clarifying that my March 8, 2006 Memorandum Opinion and Order was focused on Defendants' assertion that the PLRA posed a jurisdictional bar to Plaintiff's claims and that other summary judgment issues remain pending;

3. The parties are ORDERED to confer and submit to the court a Status Report setting forth their positions regarding the possibility of settlement and proposing a briefing schedule on the remaining summary judgment issues other than Defendants' assertion regarding the evidentiary failure of any surviving punitive damages claim; and

4. The parties' Status Report is due on or before April 11, 2006.

Dated April, 5, 2006.

                                        **s/John L. Kane**
                                        SENIOR U.S. DISTRICT COURT JUDGE