IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **00-K-2555**

**PAMELA CLIFTON,**

    Plaintiff,

v.

**NURSE IONA EUBANK, in her individual capacity;**
**OFFICER ANAYA, in her individual capacity;**
**OFFICER WILKES, in her individual capacity,**

    Defendants.

---

**ORDER ON MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS AND/OR DILATORY (Doc. 102) AND RELATED MOTIONS FOR CERTIFICATION (Doc. 95) AND FOR STAY PENDING APPEAL (Doc. 94)**

---

Kane, J.

This long-running prisoner civil rights case arose after Plaintiff suffered a stillbirth while incarcerated at a Colorado Department of Corrections Facility. Plaintiff claims Defendants each had ample reason to believe Plaintiff when she said she was in labor but that each treated it as a false alarm and sent her back to her unit. When Plaintiff was finally admitted to the hospital for delivery, the fetus was dead. On December 18, 2006, I issued a Memorandum Opinion and Order denying Defendants' remaining summary judgment arguments,[1] including those premised on Defendants' entitlement to qualified

---

[1] An earlier Memorandum Opinion rejecting that aspect of Defendants' Motion for Summary Judgment in which Defendants argued Plaintiff's claims were barred under the Prison Litigation Reform Act (PLRA) was issued in March 2006 (Doc. 68). Defendants moved for reconsideration (Doc. 71) or alternatively to certify that decision for appeal under 28 U.S.C. §

immunity.  (*See* Doc. 92.)  On January 15, 2007, Defendants filed an interlocutory appeal (Doc. 93) of the qualified immunity decision under *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); renewed their Motion for Certification Pursuant to 28 U.S.C. § 1292(b) of my March 2006 PLRA decision (Doc. 95); and moved for a stay pending appeal.  (Doc. 94.)  Hoping to salvage this court's jurisdiction so that her claims could proceed on their merits before the appeal, Plaintiff filed a Motion to Certify Defendants' Appeal as Frivolous and/or Dilatory under *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990).  (Doc. 102.)  Having reviewed each of these Motions, I rule as follows:

*Plaintiff's Motion to Certify Defendants' Appeal as Frivolous and/or Dilatory*.

Despite Defendants' disingenuous characterization of the issue they seek to appeal (i.e., "whether pregnancy, alone," is a sufficiently serious medical condition to trigger Eighth Amendment deliberate indifference scrutiny under *Estelle v. Gamble* and *Farmer v. Brennan*; "pregnancy alone" was and is not the issue in this case, under the facts marshaled by Plaintiff, the issue was labor with complications) and exaggerations such as "[f]or this Court to declare Defendants' interlocutory appeal frivolous, this Court must conclude that of all the thousands of similar appeals to the Tenth Circuit, this one is so baseless as to be deemed frivolous," I nevertheless deny Plaintiff's Motion.  I do less as a rejection of Plaintiff's arguments – which were forcefully and elegantly made – but because I do not wish to foment the chaos that ensues when two courts assert jurisdiction over a case at the same time.  As I read *Stewart v. Donges*, the result in a qualified immunity analysis must be so obvious, or the arguments of error wholly without merit, or

---

1292(b) (Doc. 72), both of which I denied.  *See* Order dated 4/5/2006 (Doc. 79).

the appeal must be deemed to have been taken with the intent, as distinguished from the effect, of disrupting and delaying the normal processes of the trial court. Under this standard, such a certification must be rare, and I find it cannot be made in this case.

I will not presume to advise the Court of Appeals that this appeal is wholly without merit. I have written an opinion on the issue which speaks for itself. Moreover, I do not discern an intent to disrupt and delay the normal processes of this court. This case has already taken far too much time, but that delay is not because of the conduct of the parties or their counsel, but because of this court's docket and events over which no one had control.

Plaintiff's Motion to Certify Defendants' Appeal as Frivolous and/or Dilatory (Doc. 102) is DENIED. Defendants' Motion for Stay Pending Appeal on Qualified Immunity (Doc. 94), then, is MOOT.

*Defendants' Renewed Motion for Certification Pursuant to 28 U.S.C. § 1292(b) of the Court's March 8, 2006 Order re application of the PLRA.*

Arguing it makes "imminent sense to have the Tenth Circuit review the PLRA's physical injury issue along with the issue of qualified immunity," *see* Defs' Renewed Mot. at p. 4, Defendants renew their Motion for Certification of my March 8, 2006 Memorandum Opinion and Order, which I previously rejected. Because I agree with Plaintiffs that such an expansion of appellate rights should not be granted lightly and is not warranted here, I DENY Defendants' Renewed Motion.

Dated February 8, 2007.					BY THE COURT:
						**s/John L. Kane**
						SENIOR U.S. DISTRICT JUDGE